

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

Juan Alberto Colon Cabrera, et al.
    Plaintiffs
        v.                                **CASE NUMBER:** 97-1667 (HL)

United States Small Business Administration,
et al.
    Defendants

## OPINION AND ORDER

Before the Court is a motion by plaintiffs Juan Carlos Colon Cabrera, Maria Teresa Lopez Beguiristain, and the conjugal partnership constituted by them ("the Cabreras") to amend or alter the judgment entered in this case. In its previous Opinion and Order (Dkt. 56), the Court found Defendant United States Small Business Administration ("the SBA") had violated the terms of the ground lease at issue by subletting the leased premises without plaintiffs' consent. The Court ordered the SBA to pay all past due rent from January 1997 to July 1998 (the start of the fifth year under the agreement, which was pre-paid), with interest, among other remedies. The Cabreras move to amend the judgment alleging that, in determining the amount of past-due rent, the Court oversaw an additional period of time for which rent was owed by the SBA. (Dkt. 58) Specifically, the Cabreras claim that the SBA owes the rental payments of the period beginning in July of 1999, the sixth year under the agreement, and running up to the time that

judgment was entered by this Court. The SBA opposes the amendment claiming that plaintiffs' motion is untimely since it was filed beyond the 10 day deadline established by Rule 59(e) of the Federal Rules of Procedure. (Dkt. 61) The Cabreras counter that their motion was timely pursuant to Rule 60(a) or Rule 60(b)(1) of the Fed.R.Civ.P. (Dkt.76)

The Court must first determine whether plaintiffs' motion to amend the judgment falls under Rule 59(e) or Rule 60. The labels used by the parties are not dispositive. *Echevarria-Gonzalez v. Gonzalez Chapel*, 849 F.2d 24, 26 (1st Cir. 1988) ("nomenclature should not be exalted over substance")(quoting Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37, 41 (2nd Cir.1982). Rather, the Court must consider the purpose of each rule vis a vis the remedy sought. *See Perez-Perez v. Popular Leasing Rental Inc.*, 993 F.2d 281, 283-286 (1st Cir.1993). The First Circuit, citing with approval the Tenth Circuit opinion of *Van Skiver v. United States*, 952 F.2d 1241 (10th Cir. 1991), described the interrelation of Rules 59 and 60 as follows:

> [T]he rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or a motion seeking relief from judgment pursuant to Fed.R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).

*Perez*, 993 F.2d at 284. The First Circuit cautioned, however, that there are "additional restraints which the courts have imposed on motions brought under each rule." *Id.* Since none of these considerations apply to the case at hand, the Court applies the general rule and holds that plaintiffs' motion, filed a month after judgment was entered, falls under Fed.R.Civ.P. 60.

The Court's inquiry does not end here since plaintiff has made reference to both Fed.R.Civ.P. 60(a) and 60(b)(1).

Rule 60(a) provides that a Court may alter or amend a judgment where its is evident from the record that the court intended one thing but by clerical mistake did otherwise.[1] The error sought to be corrected by the plaintiffs in this case, however, is more than a clerical error. Contrary to plaintiffs' contentions, it is not clear from the previous Opinion and Order that the Court intended to grant them or that they are entitled to the additional amount. The correction requested by the plaintiff calls for a review of the evidence in the record. Thus, the amendment sought by the Cabreras falls outside the contours of Rule 60(a).

In contrast, the amendment sought by plaintiff survives under subsection b(1) of Rule 60. Rule 60(b)(1) allows relief from a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect."[2] To be timely, the motion must be filed within one year after entry of judgment. Filed on March 31, 2000, hardly a month after judgment was entered, the Cabreras' motion to amend, was well within the period allowed by Rule 60(b)(1). In addition to complying with the procedural requirements of the rule, plaintiffs' motion prevails on the merits. While drafting its first Opinion and Order, the Court inadvertently failed to notice that

---

[1] "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time..."

[2] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made ... not more than one year after the judgment, order or proceeding was entered or taken." Fed.R.Civ.P. 60(b)(1).

4

the sixth year of the lease had begun to accrue while the controversy was being adjudicated. In fact, eight months of lease payments accrued up to the date of judgment.[3] Accordingly, defendant SBA is ordered to pay all past due rent from January of 1997 to July of 1998 (the commencement of the fifth year), as well as the rent owed for the period beginning on July of 1999 (the sixth year of the lease) up to February of 2000, with interest.

**IT IS SO ORDERED**

San Juan, Puerto Rico, September 15, 2000

Héctor M. Laffitte
Chief U.S. District Court

---

[3] Judgment was entered on March 1, 2000. Thus, beginning in July 1999, eight full months went by before the case was adjudged.

AO 72A
(Rev 8/82)